**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUDOLFO NATEROS QUISPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1181 |
| | ) | |
| BRIAN MCSHANE *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

I.     <u>INTRODUCTION</u>

Presently pending before the Court is Petitioner Rudolfo Nateros Quispe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") The Petition will be granted in part and denied in part. The Writ shall issue and Petitioner shall be afforded a bond hearing.

Petitioner is a native and citizen of Peru who entered the United States in approximately 2021.  He was arrested by Immigration and Customs Enforcement ("ICE") in Cumberland, Maryland, on May 28, 2026 and has been and remains detained at Moshannon Valley Processing Center without being provided a bond hearing.

II.     <u>DISCUSSION</u>

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under 8 U.S.C. § 1225(b)(2), and, therefore, that he is entitled to a bond hearing. The Court agrees. In reaching this conclusion, this judicial officer is mindful of the interpretive canon of constitutional avoidance[1] and is constrained by what is believed to be

---

[1]     In addition to his statutory arguments, Petitioner also asserts an alleged constitutional violation of the Due Process Clause as an additional basis in support of his Petition.  Respondents acknowledge that there may come a time when mandatory civil detention without a bond hearing becomes unreasonable and thus unconstitutional.  *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020) (analyzing detention and Due Process

1

controlling authority on this issue.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (Alito, J.).    Absent authority from the Supreme Court or the Third Circuit instructing a different interpretation, this judicial officer follows *Jennings* and joins the overwhelming majority of district court judges within the Third Circuit in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens such as Petitioner who are already present in the United States when detained and thus not "seeking" admission.  *See R.M. v. Oddo,* No. 3:26-cv-1117, 2026 WL 2209677 (W.D. Pa. July 31, 2026) (Hardy, J.); *see also, e.g.*, *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.) (holding that "§ 1225(b)(2) is tethered more closely to the border and speaks to the potential detention of aliens there, whereas § 1226(a) applies more readily to the potential detention of aliens who have been living within the country"); *Alvarez v. Noem*, No. 3:26-cv-73, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.) (same); *Silva Cova v. Rose*, No. 3:26-cv-101, 2026 WL 376921 (W.D. Pa. Feb. 11, 2026) (Stickman, J.) (same). Accordingly, the Court holds that Petitioner has a statutory right to an individualized bond hearing.

---

Clause limits under §1226(c)).  However, the Supreme Court has held that detention during removal proceedings is a constitutionally permissible part of that process.  *See Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that detention beyond the removal period per 8 U.S.C. § 1231 for a period of less than six months pending removal is presumed constitutional).  As noted above, the parties (and other courts) have sparred over competing interpretations of §§ 1225 and 1226, thus part of the Court's consideration when interpreting these statutory provisions is whether a particular interpretation would avoid implicating a constitutional concern. *See Clark v. Martinez*, 543 U.S. 371, 380-82 (2005); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025).  The Court's conclusion that § 1226 applies here, and that Petitioner is entitled to a bond hearing thereunder, is based in part upon this canon of constitutional avoidance. Consequently, the Court need not address Petitioner's constitutional basis in order to grant his Petition.

III.    CONCLUSION

Therefore, for the reasons set forth, Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

Accordingly, the Court enters the following Order:

AND NOW, this 5th day of August, 2026, IT IS HEREBY ORDERED that Petitioner Rudolfo Nateros Quispe's Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

The Petition is GRANTED to the extent that the Writ shall issue on the following terms:

1.  Within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

The Petition is DENIED to the extent that the Petition seeks to enjoin Respondents from transferring Petitioner while habeas proceedings are pending because this Court lacks jurisdiction to enjoin transfer or removal. The place of an alien's detention is left to the discretion of the Attorney General. *See Calla-Collado v. Attorney General of the U.S.*, 663 F.3d 680, 685 (3d Cir. 2011). Moreover, under 8 USC 1252(g), no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter. Courts, including the Third Circuit, have interpreted the jurisdictional bar broadly to review of issues relating to removability. *See Khalil v. President of the United States*, 164 F.4th 259 (3d. Cir. 2026).

IT IS FURTHER ORDERED that Petitioner's request for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), is

3

DENIED. Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is "an applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A). Respondents argue that an "applicant for admission" is necessarily "seeking admission" until admitted or until removal proceedings are complete, including noncitizens such as Petitioner who have already been residing in the interior of the United States. The Court concludes that Respondents' interpretation of §1225 is substantially justified. The Court is also mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of the statutory phrases "applicant for admission" and "seeking admission," and that two separate United States Courts of Appeals have rendered decisions that support Respondents' position. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713, 735-61 (6th Cir. 2026) (Murphy, J., dissenting). Therefore, the Court holds that Petitioner is not entitled to attorney fees and expenses under the EAJA.

The Petition is DENIED in all other respects.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

4